■ STATE OF NEW YORK et al., Appellants, v HAMPTON SAND CORP. et al., Respondents. [721 NYS2d 808] —In an action, *inter*

*alia,* to enjoin the defendants from further mining the subject property in violation of an administrative consent order dated June 1, 1998, and, in effect, for a judgment declaring the rights of the parties under the administrative consent order, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated August 17, 1999, as denied their cross motion for summary judgment and, in effect, for a declaration that the defendants violated the administrative consent order.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the cross motion which was, in effect, for a declaration that the defendants violated the administrative consent order is granted, and the matter is remitted to the Supreme Court, Suffolk County, to decide the remaining branch of the cross motion in light of our determination, and for entry of an appropriate judgment, *inter alia,* making the declaration.

The defendants contend that they were granted a permit to mine the subject property by default because the plaintiffs failed to respond to their demand for a decision regarding their permit application within five days pursuant to Environmental Conservation Law § 70-0109 (3) (b). The defendants contend the date the demand is received should be included in computing the time within which the plaintiffs may respond, and therefore the plaintiffs were one day late in their response. This contention is without merit.

The general rule in determining the time within which an act required to be done in an action or special proceeding shall be performed, is to exclude the first day (*see, People v Burgess,* 153 NY 561). General Construction Law § 20 provides that "[t]he day from which any specified period of time is reckoned shall be excluded in making the reckoning." The plaintiffs replied to the demand in the time required and, therefore, the defendants did not obtain a permit by default. As there is no triable issue of fact, or need for discovery as to this issue, the Supreme Court improperly denied that branch of the plaintiffs' cross motion which was, in effect, for a declaration that the defendants violated the administrative consent order.

In light of our resolution of this issue, the matter is remitted to the Supreme Court to decide the remaining branch of the plaintiffs' cross motion. Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.